IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JARELL D TERRY**                                                                           **PLAINTIFF**
**ADC #149998**

**v.**                          **No. 2:22-CV-00170-LPR-JTK**

**DEXTER PAYNE, et al.**                                                    **DEFENDANTS**

### ORDER

The Court has reviewed the Proposed Findings and Recommendations (PFR) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 47) and the Defendants' Objections (Doc. 51). After a *de novo* review of the PFR, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the PFR in its entirety as this Court's findings and conclusions in all respects.

Defendants' primary objection to the PFR is that the PFR did not wrestle with the doctrine of qualified immunity—specifically, the question of whether it was, at the time of the events in question, clearly established that Defendants' conduct violated Plaintiff's constitutional rights. Point well taken. But there are questions of fact that must be answered before the Court can make this judgment. The plaintiff is a *pro se* prisoner. Accordingly, in addition to accepting all of the Complaint's allegations as true and making all reasonable inferences therefrom in Plaintiff's favor, the Court is duty bound to liberally construe the Complaint. In this light, the Complaint's allegations are capacious enough to reasonably infer facts that would plausibly overcome the clearly-established prong of the qualified immunity analysis.

For just one example of many possible examples, during the at-least-two-month period at issue, was the temperature in Plaintiff's cell mostly in the low 90s or was it in the high 100s? We

don't know, and the Complaint could be read either way.[1] The answer to this question may well drive, or at least be a primary driver of, the answer to the clearly-established question. Without belaboring the point, if it turns out the temperatures in the cell were 107 degrees daily for most of the two-month period at issue, it will be very difficult (based on a consensus of cases inside and outside the Eighth Circuit) for the Defendants to argue that they are entitled to qualified immunity. But if the temperatures were mostly 91 degrees daily, Defendants' immunity argument might be far easier.

This is the somewhat unique case where the Complaint is not conclusory or vague, but can be read broadly enough to encompass a potential scenario that overcomes qualified immunity even though a narrower read of the Complaint might not overcome that immunity. So this case needs to proceed to summary judgment. The Court will be better positioned to make a more informed qualified immunity judgment at that point.

Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. 27) is DENIED as to Plaintiff's excessive-heat claims and GRANTED as to any stand-alone claim about the light being left on in Plaintiff's cell. Pursuant to Judge Kearney's Order staying the dispositive motions deadline in this case (Doc. 59), any dispositive motions must be filed within 21 days of the date of this Order.

IT IS SO ORDERED this 21st day of February 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] See Doc. 2 at 4, 5; see also Doc. 61 at 2 (proposed amendment that was rejected on grounds other than the new temperature allegations).