IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JARELL D. TERRY**                                                                                            **PLAINTIFF**
**ADC #149998**

v.                                                  No. 2:22-cv-00170-LPR

**DEXTER PAYNE, et al.**                                                                               **DEFENDANTS**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 109) and the Plaintiff's Objections.[1] After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects—except to the extent the RD is inconsistent with the below.

With respect to Plaintiff's request for injunctive relief, the Court entirely agrees with the RD. With respect to the still-live conditions of confinement claims more generally, the Court has some trepidation with fully endorsing the RD. First, ***if*** the RD is suggesting that a plaintiff must establish that (allegedly) excessive heat caused him to actually have medical issues *in addition to* putting him at a substantial risk of serious harm,[2] the Court is unsure that is an accurate reading of the caselaw. Second, and in any event, on the Court's read of the record, a reasonable jury could find a link between the (allegedly) excessive heat and some of Plaintiff's medical issues.[3]

---

[1] Although Plaintiff has not filed a document titled "Objections," he has filed numerous documents—since the entry of the RD—that are directly or indirectly related to the summary judgment issue. The Court treats each and every post-RD filing as part of Plaintiff's overall objection to the RD and opposition to summary judgment.

[2] *See* Doc. 109 at 6, 12–16.

[3] Certainly, as the RD fleshes out, there is a very strong case that there is no link between the (allegedly) excessive heat and Plaintiff's medical issues. Ninety-five out of 100 juries would probably find no link. But, on this record, the five juries that found a link would not be unreasonable in doing so.

Despite these concerns with the RD, the Court does agree with the RD's bottom line that Plaintiff's still-live claims cannot survive summary judgment. In addition to agreeing with the parts of the RD's reasoning that are not inconsistent with the above, the Court acknowledges the Eighth Circuit's 2024 decision in *Cody v. City of St. Louis ex rel. Medium Security Institution*.[4] In *Cody*, the Eighth Circuit rejected the proposition that it is clearly established in our circuit that "a violation of the Eighth Amendment . . . or of due process . . . can be established based on exposure to excessive heat without adequate mitigating measures."[5] Whether *Cody* is correct or not, it is the law of this Circuit and binding on this Court.[6] Under *Cody*, even taking the most generous view of the record theoretically possible for Plaintiff—Defendants would be entitled to qualified immunity pursuant to the second prong of the governing qualified-immunity test.[7]

Accordingly, Defendants' Motion for Summary Judgment (Doc. 91) is GRANTED. Plaintiff's claims against Defendants Payne, Straughn, Lay, Randle, and Etherly are DISMISSED with prejudice. This case is DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 4th day of February 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] 103 F.4th 523 (8th Cir. 2024)

[5] *Id.* at 533–34; *see id*. at 533 ("We do not agree with the district court that [a Fifth Circuit case named] *Yates* established a clear rule within *our* circuit, and Plaintiffs point us to no other authorities on appeal.").

[6] *Cody* is in some—though not complete—tension with the result reached by the Court in its Order resolving the Motion for Judgment on the Pleadings. *See* Doc. 77. If this case goes to the Eighth Circuit on appeal, the Court encourages the Eighth Circuit to look closely at *Chandler v. Crosby*, 379 F.3d 1278 (11th Cir. 2004), which collects other cases on this point. This is in addition to *Yates* and other Fifth Circuit cases cited by Plaintiff.

[7] Plaintiff has not pointed to an Eighth Circuit case that clearly establishes the rule *Cody* rejected. And, although Plaintiff has pointed to a few out-of-circuit cases, it is not clear that those cases constitute a "consensus"—at the right level of specificity—as to the unconstitutionality of Defendants' conduct in this case. At least, it is not clear enough for this Court to depart from *Cody*.